# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSEPH METZ & SON, INC., an )
Illinois Corporation; EDWARD METZ, )
JR., President of the Corporation, )
KATHERINE METZ CATINO; LORELEI )
T. MALMBORG; MARK R. METZ, )
JOHANNA M. METZ; CHRISTIAN H. )
METZ, MARGARET METZ COLBERT )
LaLa's AUTO REBUILDERS, an Illinois )
Sole Proprietorship and MICHAEL )
PANTELIN, )
              Plaintiffs, )
               )
vs. )
               )
THE VILLAGE OF LYONS, ILLINOIS, )
an Illinois Municipal Corporation; )
DAVID A. VISK, as Village President, )
and individually; ROBERT SULLIVAN, )
as Trustee, and individually; MARK )
ANDERSON, as Trustee and individually )
TIMOTHY TVRDIK, as Trustee and )
individually; GARY BENEDIK, as )
Trustee and individually; GREGORY )
BOKSA, as Trustee and individually; )
and PATRICIA KRUEGER, as Trustee )
and individually; RIVERWALK )
PARTNERS, L.L.C., a corporation, d/b )
in the State of Illinois and TOM WALSH )
as Manager or Director of RIVERWALK )
PARTNERS, L.L.C., and individually, )
               )
             Defendants. )

No. **01C 0270**

Judge, Honorable _____

Jury Trial Demanded

**JUDGE PLUNKETT**

**MAGISTRATE JUDGE NOLAN**

**DOCKETED**

JAN 1 6 2001

FILED-E04
01 JAN 12 PM 4: 19
U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS, FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF TO RESTRAIN ILLEGAL MUNICIPAL/STATE PROCEEDINGS AND FOR RELIEF ON RELATED PENDANT CLAIMS

1

NOW COME the Plaintiffs, JOSEPH METZ & SON, INC., an Illinois Corporation, by and through its President EDWARD J. METZ, JR. and EDWARD J. METZ, JR., as land trust beneficiary of land trust no. 3089 in the Bank of Lyons, a/k/a/ East Side Bank as Trustee, with co-beneficiaries, KATHERINE METZ CATINO; LORELEI T. MALMBORG; MARK R. METZ; JOHANNA M. METZ; CHRISTIAN H. METZ; MARGARET METZ COLBERT; LaLa's AUTO REBUILDERS,, an Illinois Sole Proprietorship and MICHAEL PANTELIN, by and through their attorneys, ROBERT V. GILDO and JOSEPH M. WILLIAMS, who complaining of the Defendants, THE VILLAGE OF LYONS, ILLINOIS, an Illinois Municipal Corporation; DAVID A VISK, as Village President and individually; ROBERT SULLIVAN, as Trustee and individually; MARK ANDERSON, as Trustee and individually; TIMOTHY TVRDIK, as Trustee and individually; GARY BENEDIK, as Trustee and individually; GREGORY BOKSA, as Trustee and individually; PATRICIA KRUEGER, as Trustee and individually; RIVERWALK PARTNERS, L.L.C., a corporation, d/b in the State of Illinois and TOM WALSH as Manager or Director of RIVERWALK PARTNERS, L.L.C., and individually, state as follows:

## JURISDICTION AND VENUE

1.    That this is an action for redress of violation of Civil Rights guaranteed to the Plaintiffs' by the Fifth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. Secs. 1983, 1988, as well as for injunctive, pendant and other relief.

2.    That jurisdiction of this Court is invoked pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution as well as Article III, Sec. 2, thereof and Fed. R. Civ. P. 65 as well as 28 U.S.C. Secs. 1331, 1343 (3), (4) and 1367.

3.    That venue is proper pursuant to 28 U.S.C. Sec. 1391 (b).

2

## THE PARTIES

4.     That the Plaintiff JOSEPH METZ & SON, INC., is an Illinois Corporation located at 8136-8152 Ogden Avenue, Village of Lyons, Cook County, Illinois and consists of a building material supply company, of which EDWARD J. METZ, JR., is the President and has a leasehold interest and an ownership interest in the parcels upon which the business stands.

5.     That the Plaintiffs, EDWARD J. METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ and MARGARET METZ COLBERT, are the beneficial owners of the parcel of property upon which JOSEPH METZ & SON, INC., is partially located, being legally described as specified on Exhibit "A", the rest of the property upon which the Metz' property is located is leased by said corporation from relatives.   Exhibit "B"

6.     That the Plaintiff, LaLa's AUTO REBUILDERS is a sole proprietorship owned by Plaintiff, MICHAEL PANTELIN, located at 3938 and 3940 Barrypoint Road, in Lyons, Cook County, Illinois.

7.     That the Plaintiff, MICHAEL PANTELIN is the owner of the property at 3938 and 3940 Barrypoint Road, Lyons, Cook County, upon which LaLa's AUTO REBUILDERS is located and it is also the property upon which he resides.

8.     That the Defendant, VILLAGE OF LYONS, Cook County, Illinois, is a body corporate and politic, being a non-home rule municipality, pursuant to the Illinois Municipal Code.

9.     That Defendant, DAVID A. VISK, is at all times relevant hereto, was and is the President of the VILLAGE OF LYONS, Cook County, Illinois, and an individual.

3

10. That Defendants, ROBERT SULLIVAN, MARK ANDERSON, TIMOTHY TVRDIK, GARY BENEDIK, GREGORY BOKSA and PATRICIA KRUEGER are all Trustees of the VILLAGE OF LYONS, Cook County, Illinois, at all times relevant hereto, and were individuals.

11. That Defendant, RIVERWALK PARTNERS, L.L.C. is allegedly a Limited Liability Corporation doing business in Illinois, allegedly engaged in the purported redevelopment of the commercial district of Lyons, Illinois, pursuant to the aforestated TIF District, (Exhibit "C"), and represents itself as residing or existing at 9745 Industrial Drive, in Bridgeview, Illinois, although upon Plaintiffs investigation, there is no office or business of RIVERWALK PARTNERS, L.L.C., at the address indicated; upon telephoning the telephone number purportedly belonging to RIVERWALK PARTNERS, L.L.C. the telephone is answered by a voice mail indicating it is the telephone number of Winding Trails Partners, not RIVERWALK PARTNERS, L.L.C.

12. That Defendant, TOM WALSH, is allegedly Manager or Director of RIVERWALK PARTNERS, L.L.C. and is also an individual, allegedly engaging in the purchasing and development of property in the VILLAGE OF LYONS that is located within a certain Tax Incremental Financing (TIF) District established by the VILLAGE OF LYONS and represents his headquarters as being located at 9745 Industrial Drive in Bridgeview, Cook County, Illinois, although upon investigation, that address appears to have no such business or office at that location.

## OPERATIVE FACTS

13. That on or about August 8, 2000, the VILLAGE OF LYONS, by and through its

4

Board of Trustees, promulgated and passed Ordinance Nos. 08-08-00-1, 08-08-00-2, 08-08-00-3, 08-08-00-4, 08-08-00-5, and 08-08-00-6, establishing a TIF District (Group Exhibit "D"), on the north side of Ogden Avenue in Lyons, based upon a redevelopment plan (Exhibit "E").

14.     That the redevelopment was to be partially funded by General Obligation Bonds in the respective amount of Five Million, Five Hundred Dollars and Three Million Dollars, authorized by Ordinance Nos. 08-08-00-7 and 08-08-00-8, passed August 8, 2000. (Exhibit "F" and "G").

15.     That among the businesses and parcels designated in the TIF ordinance and plans were 14 businesses and other miscellaneous parcels located on or near Ogden Avenue and along the Des Plaines River in Lyons, Illinois which properties were designated for redevelopment by the VILLAGE and condemnation proceedings.

16.     That as a non-home rule municipality, the legislative authority of the VILLAGE OF LYONS is wholly delegated by the State Legislature.

17.     That the manner and method of exercise of the power and authority to pass and implement a TIF District, set forth statutorily in 24 ILCS, 5/11-74.4-3, et. seq., must be strictly complied with, strictly enforced and strictly construed.

18.     That between approximately April, 2000 and the present, the VILLAGE OF LYONS has engaged in an ongoing program of abuse and harassment of the Plaintiffs as part of a scheme of business disparagement and interference to attempt to force property and business owners within the TIF District, including the Plaintiffs, to sell their properties and, or businesses to the VILLAGE and, or the developer and to attempt to manipulate or diminish the value of those

properties. They have accomplished this by the following acts, including others:

A.    They have engaged in unfair, discriminatory and illegal code enforcement procedures against individuals, including some of the Plaintiffs, who own or occupy property within the TIF District and who have refused to sell their properties to the VILLAGE or to the developer;

B.    They have engaged in the use of scare tactics by telling property owners in the TIF District that if they do not sell their property to the VILLAGE or the developer, they will get very little for their property;

C.    They have threatened owners and other occupants of property within the TIF District, including the Plaintiffs, with "Quick Take Condemnation", notwithstanding the fact that the VILLAGE never possessed nor obtained the statutorily required legislative authority to exercise that power;

D.    They have wrongfully initiated procedures and hearings before the VILLAGE and its Board of Zoning Appeals on the application of the developers to apply for Special Use, Planned Unit Development and Variance Relief upon properties in the TIF District including properties owned by some of the Plaintiffs, notwithstanding the fact that the developers do not possess any legally recognizable interest therein, Defendant WALSH as Manager of RIVERWALK PARTNERS, L.L.C. and, or individually, has misrepresented that he is agent of the Plaintiffs or owner of the property foregoing;

E.    The Defendants have engaged in a program of disseminating rumors and disinformation within the VILLAGE in an attempt to isolate and

alienate the owners in the TIF District from one another;

F.     They have misled citizens of Lyons as to their statutory right to a referendum regarding the issuance of bonds for the TIF District and they have taken corporate action in derogation of the rights of the citizens to petition for the referendum;

G.     They have engaged in a discriminatory program of hyperactive and over-extensive building and zoning code inspections on properties within the TIF District;

H.     They have issued citations to owners of property in the TIF District, including some of the Plaintiffs, which citations mandate appearances in the VILLAGE'S self-created court, which court operates independently from the statutorily designated judicial system in Cook County, the Cook County Circuit Court system.

19.    That the TIF Ordinances contained in Group Exhibit "D" as promulgated on, or about August 8, 2000, is and was wrongfully and unlawfully passed and promulgated and failed to follow the statutory requisites, in but not limited to, the following:

A.     The development plans for the TIF District were not reasonably made available to the public for a reasonable amount of time for public examination, analysis and scrutiny;

B.     The VILLAGE failed to provide a phone number or designee to provide additional information when requested and failed to tender names, addresses and phone numbers of the source of additional information and failed to have a requisite list of interested persons who were to be

7

notified as to steps taken in the TIF procedures;

C.     The VILLAGE failed to properly constitute a joint review board composed of a member of each and every taxing district or entity affected or potentially affected by implementing a TIF District;

D.     The VILLAGE failed to include in the joint review board a member of the public aggrieved or affected by the development plan; in this case, the designated member of the public aggrieved or affected was, in fact, the President of the Chamber of Commerce that supported the TIF program, and also a local real estate agent and the wife on one of the sponsoring Village officers;

E.     The joint review board, on information and belief, failed to hold an initial public hearing wherein they were to, but did not, address written and verbal objections of affected parties;

F.     The joint review board submitted a totally deficient report of the development plan as to propriety and viability; the final report as to a multi-million dollar project looking to displace ongoing productive businesses grossing millions of dollars annually, as well as numerous residences, consisted of ½ of an 8 ½ x 11 sheet of paper. The report failed to provide any substantive or sufficient analysis of the redevelopment plan, its costs, productivity, application or other required statutory factors.

20.     That there is a statutory list of factors in the TIF legislation by which a municipal entity may determine whether a given area is, or should be, subject to redevelopment pursuant to a TIF District; included in these factors are

8

findings of blight, deterioration, vacancies, obsolete platting or planning, and others.

21.     That the blight factors selected by the VILLAGE OF LYONS were extremely localized and non-specific and frequently limited to a very particularized property; accordingly, the blight factors selected were not properly drawn from and applied to the area as a whole, as required, and were inadequate to validate the VILLAGE'S authority to redevelop.

22.     That furthermore, most of the purported blight and deterioration relied upon by the VILLAGE to authorize its TIF development has been self-created and self-induced by the VILLAGE so as to empower the VILLAGE to do that which it would otherwise be unable to do.

23.     That the VILLAGE has engaged in a consistent pattern of unreasonable and unlawful denial of building permit applications, business license applications on properties within the TIF District, so as to self-create the conditions statutorily required to empower the VILLAGE to create the TIF District.

24.     That while the legislative intent of a TIF redevelopment is to take an area in which there is no growth, development or tax revenues generated and where none is foreseeable in the future to authorize its redevelopment through the TIF mechanism, the Plaintiffs' businesses within Lyons are extremely viable and produce substantial tax revenues as are numerous other businesses within the TIF District.

25.     That, accordingly, there is no stagnation, lack of growth or development or lack of tax generation in the TIF area to authorize redevelopment pursuant to TIF by the Defendant VILLAGE.

9

26.     That, further, the VILLAGE OF LYONS, on information and belief, has improperly included a portion of the Village of Riverside as part of the tax base figures used to generate the alleged authority to redevelop, thereby presenting an inaccurate, distorted and legally flawed basis for the promulgation and, or passage of the TIF ordinances.

27.     That the VILLAGE OF LYONS has pursued a regime of code enforcement within the TIF district which is discriminatory, illegal and otherwise calculated to discourage development and coerce business owners into abandoning their otherwise viable business operations and have perpetuated this discriminatory activity by wrongfully prosecuting alleged offenders in their own adjudicatory court, thereby avoiding the opportunity of a fair and impartial hearing before a non-biased tribunal, i.e., the State Courts of Illinois.

28.     That the Lyons' TIF falsely purports to utilize lands which are under the jurisdiction of other governmental bodies without having taken into consideration the need to obtain permission from those bodies to develop the proposed use.

29.     That for example, the redevelopment plan purports to alter the use of the Des Plaines River over which the VILLAGE does not have jurisdiction and also purports to alter the course of a State highway without authorization or permit.

30.     That the VILLAGE redevelopment plan fails to take into consideration the environmental conditions existing in and upon certain properties which are environmentally sensitive or which suffer from contamination which cannot be remedied without the exercise of jurisdiction by environmental agencies statutorily empowered to control development of such areas, requiring removal

10

or reduction of the soil and, or other procedures not contemplated by the redevelopment plan.

31.   That the VILLAGE'S plan proposes a totally unrealistic development which fails to take into consideration or adequately project the social-economic make-up of the region and fails to forecast the economic viability of said development.

32.   That the VILLAGE'S plan failed to present any evidence whatsoever as to the impact the plan will have upon the ability of the municipality to service the development and it fails to analyze the enormous impact the development will have on such basic municipal concerns such as traffic congestion, public school overcrowding, fire safety and a multitude of other significant areas of concern.

33.   That the VILLAGE OF LYONS has passed legislation which has improperly authorized the issuance of the General Obligation Bonds in an apparent effort to discourage the ability of the citizens of Lyons to petition for a referendum that would deny the issuance of bonds for TIF purposes; the VILLAGE inaccurately published an ambiguous and misleading notice in a local newspaper of general circulation, contrary to statutory requirements, in an apparent attempt to mislead the citizens of the VILLAGE and to defeat any challenge to the TIF bonding program.

34.   That upon information and belief, the President of the VILLAGE OF LYONS engaged in a program of false misrepresentations to State legislators and other public officials regarding the condition of the businesses which were the subject of the TIF District and regarding the willingness of business owners to engage in discussions and negotiations regarding the acquisition of their property for TIF purposes and for the purposes of inducing State legislators into passing

11

Quick Take legislation that would severely limit and otherwise deprive property owners of a full and unencumbered opportunity to obtain a fair hearing regarding the value of their property and their rights to contest whether or not the taking was for a public purpose as required by Illinois law and the Constitutions of this State and of the United States.

35.    That in pursuance of the TIF ordinance, on or about 12-20-00, the Lyons Zoning Board of Appeals published a "legal notice" of a public hearing to be held on January 4, 2001, as to the issuance of the PUD, special use and variances of numerous properties in the VILLAGE, on the application of RIVERWALK PARTNERS, L.L.C.    Exhibit "H"

36.    That the Applicants for zoning relief of the numerous properties in the commercial district on Ogden Avenue in Lyons were RIVERWALK PARTNERS L.L.C. and TOM WALSH, who certified upon the Application for zoning relief that the Applicant was "owner" or "agent of owner" as to the parcels to be effected by the relief requested.    Exhibit "I"

37.    That part of the property for which zoning relief was requested was 3938-40 Barrypoint Road, wholly owned by Plaintiff, MICHAEL PANTELIN, as to which RIVERWALK PARTNERS or TOM WALSH had no ownership or agency interest whatsoever, nor had Plaintiff PANTELIN ever authorized such Application.

38.    That on January 4, 2001, PANTELIN'S counsel placed the Lyons Zoning Board of Appeals on notice that neither RIVERWALK PARTNERS, L.L.C. nor TOM WALSH had any interest in MICHAEL PANTELIN'S property and that they were never authorized to file any such Application; said notice was verbal and

12

in writing in the form of a Motion to Dismiss the Application: it contained the Affidavit of Michael Pantelin and the relevant Illinois Case law. Group Exhibit "J"

39.   That the Chair of the Zoning Board of Appeals, after conferring with the Village Manager, acknowledged that the Applicants did not have an interest in all of the property included in the Application. The Chair of the Zoning Board of Appeals stated that it was necessary that they listen to the proposal, as the Board (Village Board of Trustees), had already decided the plan was going forward, thereby revealing that the published, public zoning hearing, was a farce and that the decision to allow the developers' plan already decided.

40.   That even though no TIF District is statutorily to be passed or implemented absent a finalized, agreed upon redevelopment plan, which clearly sets forth a building plan, all costs, increased tax increments, and other numerous statutory prerequisites, it was revealed at the "hearing" of January 4, 2001, that the so-called redevelopment plan, which had been the basis of adoption of the TIF District was wholly lacking in its most basic aspects. The plan lacked a completed feasibility study, a marketing study, a financing plan as to tax credits, an indication of the Illinois Department of Transportation participation or consents, information relating to bond financing and most importantly of all, a definite land use plan which should have included traffic studies, studies as to needed additional municipal services, such as Fire and Police protection, a specific siting of intended improvements, open space and utilities, and numerous other required information. Rather, the developers and their planners acknowledged, through their testimony at this hearing, that the plan for the TIF

area was incomplete, speculative, and totally devoid of any substantive commitments. Such details as exact building cites, specific property uses, parking layout, governmental approval required from other jurisdictions, traffic studies, impact analysis, demographic studies and numerous critical issues had not been determined. This evidence clearly established that the passage f the TIF ordinances in July and August of 2000, were enacted without any statutorily required completed redevelopment plan. The evidence revealed that the claimed redevelopment plan upon which the TIF ordinances were allegedly based was a sham.

41. The VILLAGE has wrongfully used the threat of Quick Take Condemnation to coerce, intimidate, browbeat and otherwise compel business owners to abandon their properties for far less than fair market prices with the threat that they will not have any reasonable opportunity to resist the taking and fairly litigate the value of their property and by ongoing interference by the VILLAGE with the businesses of the Plaintiffs.

42. That the VILLAGE may not condemn property for redevelopment under TIF if an owner is unwilling to sell and has assets to improve, upgrade or redevelop the property without VILLAGE intervention; the VILLAGE has not given the Plaintiffs as owners of businesses and property in the TIF District this opportunity, even though they are unwilling sellers and do, in fact, have the assets and the willingness to upgrade their properties.

43. That the TIF ordinance was enacted pursuant to practices and procedures of obfuscation, secrecy and misapplication of applicable statutory law.

44. That the implemented TIF District and the imminent attempt to Quick Take or

14

otherwise attempt to condemn Plaintiffs' property and business interests, which interests are constitutionally protected, are being done in bad faith, for political and, or personal reasons by the municipal Defendant, acting through its officers, agents and control employees and not based upon the public health, safety, welfare or morals.

45.   That the actions of the municipal Defendant, above-stated, relative to promulgation and passage of the TIF district and in the attempt to obtain or condemn Plaintiffs' properties and businesses were and are arbitrary, capricious, unreasonable and unconstitutional and, not in pursuit of any legitimate public purpose.

## COUNT I

### VIOLATION OF CONSTITUTIONAL EQUAL PROTECTION, BASED UPON THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND 42 U.S.C. SEC. 1983 AND 1988

### Defendant - City of Lyons

1-45.   That the Plaintiffs reallege and reassert Paragraphs 1 through 45 above as Paragraphs 1 through 45, of this Count I.

46.   That the Plaintiffs each have a property and, or liberty interest in said properties and businesses, cognizable under the laws of the State of Illinois and the United States Constitution.

47.   That the VILLAGE OF LYONS, by and through its Mayor and Trustees and, or its policy making and control employees are unconstitutionally depriving, and intending to deprive, the Plaintiffs of their property and business interests as a policy, custom or usage, with no legitimate nexus or corresponding benefit in

15

the public health, safety, welfare or necessity.

48. That, accordingly, Plaintiffs have been and are being treated differently and unequally by the municipal Defendant through its officers, agents and, or employees based upon irrational, malicious and vindictive actions as to the Plaintiffs as a class of owners and those with similar business interests in the TIF District, or in Lyons as a whole, or as to Plaintiffs as a class in and of themselves, who are being subjected to unconstitutional municipal action with no rational or viable governmental or public purpose.

49. That the specified actions and conduct of the municipal Defendant are in violation of the Equal Protection Clause of the U.S. Constitution, U.S. Constitutional Amendment 14, and 42 U.S.C. Sec. 1983.

50. That the Plaintiffs, and each of them are being, and have been, injured in and deprived of their constitutional rights and of their property and liberty interests, as above-specified and have suffered injury, financial loss and other damages, and injuries, as a direct and proximate result of the wrongful conduct of the municipal Defendant.

51. That as a direct and proximate consequence of the wrongful conduct of the VILLAGE OF LYONS as set forth above, the Plaintiffs have suffered financial damages and injury in the following ways:

1. Their income from their businesses has been diminished;

2. The value of their real estate has been diminished;

3. The value of their businesses has been diminished.

4. The value of their good will in their business activities has been diminished.

16

5.  Their Constitutional rights have been violated;

6.  They have been injured in the quiet enjoyment of their real property interests.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this Court:

A.  Grant judgment against the Defendant;

B.  Award damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), in no event in an amount less than One Million Dollars ($1,000,000.00);

C.  For such other and further relief in the premises as is just and proper;

D.  For attorney's fees and costs, pursuant to 42 U.S.C. Sec. 1988.

## COUNT II

**VIOLATION OF CONSTITUTIONAL
SUBSTANTIVE DUE PROCESS, BASED
UPON THE FOURTEENTH AMENDMENT
TO U.S. CONSTITUTION AND 42 U.S.C. SEC. 1983**

### Defendant - City of Lyons

1-45.  That Plaintiffs reallege and reassert Paragraphs 1 through 45, of Count I, hereinabove, as Paragraphs 1 through 45, of this Count II.

46.  That the above allegations demonstrate the Defendant has applied its governmental power to proposed or attempted redevelopment and acquisition/taking of Plaintiffs' property and business interests arbitrarily, capriciously, irrationally and unconstitutionally, by improperly promulgating and passing TIF ordinances as to members of a class of persons similarly

17

situated, Lyons property owners, business owners and those within as well as without the TIF District, or as a class compared of Plaintiffs above, with no valid or viable reason for the distinction being made between them, which demonstrates the Defendant's violation of the substantive due process rights of the Plaintiffs, based upon the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C., Sec. 1983.

47.    That the Plaintiffs have been injured in their Constitutional Rights and financially, as proximately caused by the actions and, or inactions of the municipal Defendant.

48.    That as a direct and proximate consequence of the wrongful conduct of the VILLAGE OF LYONS as set forth above, the Plaintiffs have been damaged in their property and liberty interests.

49.    That as a direct and proximate consequence of the wrongful conduct of the VILLAGE OF LYONS as set forth above, the Plaintiffs have suffered financial damages and injury in the following ways:

1.    Their income has been diminished;

2.    The value of their real estate has been diminished;

3.    The value of their good will in their business activities has been diminished;

4.    Their Constitutional rights have been violated;

5.    They have been injured in the quiet enjoyment of their real property interests.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M.

METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this Court:

A.     Grant judgment against the Defendant;

B.     Award damages in an amount in excess of Fifty Thousand Dollars ($50,000.00); in no event in an amount less than One Million Dollars ($1,000,000.00);

C.     For such other and further relief in the premises as is just and proper;

D.     For attorney's fees and costs, pursuant to 42 U.S.C. Sec. 1988.

## COUNT III

### TAKING OF CONSTITUTIONAL PROPERTY INTERESTS, PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C. SEC. 1983

### Defendant - Village of Lyons

1-45.     That the Plaintiffs reallege and reassert Paragraphs 1 through 45, of Count I, hereinabove, as Paragraphs 1 through 45, of this Count III.

46.     That the conduct of the VILLAGE OF LYONS, as set forth above, denies the Plaintiffs their income from the lawful use of their property and deprives them of their property interests under the Fifth and Fourteenth Amendments of the U.S. Constitution, as well as the Illinois constitution, and constitute a taking of Plaintiff's property in an intentionally, arbitrary, capricious and unreasonable manner.

47.     That there are no specifically applicable administrative procedures to be implemented or exhausted to remedy the consequences of the conduct as set forth above.

48.     That as a direct and proximate consequence of the wrongful conduct of the

VILLAGE OF LYONS as set forth above, the Plaintiffs have been damaged in their property and liberty interests.

49.    That as a direct and proximate consequence of the wrongful conduct of the VILLAGE OF LYONS as set forth above, the Plaintiffs have suffered financial damages and injury in the following ways:

1.    Their income has been diminished;

2.    The value of their real estate has been diminished;

3.    The value of their good will in their business activities has been diminished;

4.    Their Constitutional rights have been violated;

5.     They have been injured in the quiet enjoyment of their real property interests.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this court:

A.    Grant judgment against the defendant;

B.    Award damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), in no event in an amount less than One Million Dollars ($1,000,000.00);

C.    For such other and further relief in the premises as is just and proper;

D.    For attorneys fees and costs, pursuant to 42 U.S.C. Sec. 1988.

20

## COUNT IV

**LIABILITY OF INDIVIDUAL DEFENDANTS
BASED UPON PURPOSEFUL VIOLATION OF
WELL KNOWN RIGHTS, IN VIOLATION OF
42 U.S.C. SEC. 1983**

**Defendants - Individual, President and Trustees
and Tom Walsh as Individuals**

1-45.   That the Plaintiffs reallege and reassert Paragraphs 1 through 45, of Count I, hereinabove, as Paragraphs 1 through 45, of this Count IV.

46.   That the individual Defendants, DAVID A. VISK, ROBERT SULLIVAN, MARK ANDERSON, TIMOTHY TVRDIK, GARY BENEDIK, GREGORY BOKSA, PATRICIA KRUEGER and TOM WALSH, individually, TOM WALSH acting as agent of the municipal Defendant, and each of them, have arbitrarily, capriciously, unreasonably and knowingly violated or recklessly violated well settled principals of law by knowingly, or with reason to know, participated in the violation of each of the Plaintiffs' state law rights, property rights and, or Constitutional liberty interests, pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution, the Illinois constitution and 42 U.S.C. Sec. 1983, denying Plaintiffs their right(s) to quiet use and enjoyment, as normally enjoyed, as well as their business interests, commercial income, as well as, alternatively, violating Plaintiffs' rights to substantive equal protection, due process and their property and, or liberty interests, generally.

47.   That the actions of the individual Defendants, and each of them, constitute and constituted actions under color of law which were personally or politically motivated and not based upon any valid or viable purpose, based upon the public health, safety, welfare or morals.

21

48. That the actions of the individual Defendants were malicious or reckless to the extent to constitute actual malice.

49. That the individual Defendants, and each of them, acted as part and parcel of an ongoing policy, custom or usage, implemented by the wrongful application and manipulation of applicable law, which the Defendants knew or should have known was wholly unconstitutional, arbitrary, capricious and unreasonable, based upon the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983.

50. That the rights of the Plaintiffs as violated by the individual Defendants were well known legal rights.

51. That the individual Defendants, and each of them, exceeded their lawful delegated authority and as their actions were ultra vires, said individual actions constitute individual unlawful actions by the individual Defendants.

52. That due to the previously pled unconstitutional, wrongful, arbitrary and capricious actions of the individual Defendants, and each of them, the Plaintiffs have been grievously injured financially as well as in their Constitutional rights.

53. That as a direct and proximate consequence of the above named individual Defendants as set forth above, the Plaintiffs have been damaged in their property and liberty interests.

1. Their income has been diminished;

2. The value of their real estate has been diminished;

3. The value of their good will in their business activities has been diminished;

4. Their Constitutional rights have been violated;

22

5.   They have been injured in the quiet enjoyment of their real property interests.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this Court:

A.   Enter judgment against each individual Defendant, jointly and severally;

B.   Award damages in excess of Fifty Thousand Dollars ($50,000.00);

C.   Award punitive or exemplary damages against each individual Defendants as is justified relative to each's misconduct, in an amount such as to make each "smart";

D.   Such other and further relief in the premises as is justified;

E.   Attorney's fees and costs, pursuant to 42 U.S.C., Sec. 1988.

## COUNT V

### FOR PRELIMINARY AND INJUNCTIVE RELIEF AGAINST ALL CONTINUING PENDING STATE ACTIONS PENDING A DECISION OF THIS COURT ON THE MERITS, BASED UPON THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, 42 U.S.C., SEC. 1983 AND FED. R. CIV. P. 65

### Defendant - Village of Lyons

1-45.   That the Plaintiffs reallege and reassert Paragraphs 1 through 45, of Count I, hereinabove, as Paragraphs 1 through 45, of this Count V.

46.   That Federal Rule of Civil Procedure 65, provides for preliminary injunctive relief.

47.   That injunctive relief is equitable in nature and is to preserve the trial court's

23

ability to render a meaningful decision on the merits as well as to preserve the status quo.

48.  That an injunction will issue to protect basic civil rights.

49.  That it is wholly proper for a Federal Court to enter injunctive relief as to State Court proceedings, or even proceedings in progress, where there is a showing of harassment or persecution.

50.  That the above-alleged circumstances demonstrate harassment, persecution and flagrantly, repetitive unconstitutional behavior in bad faith which are exceptional and, thus, subject to injunctive relief.

51.  That the Plaintiffs, and each of them, are in clear and grievous danger of great and immediate irreparable injury if an injunction is not granted.

52.  That while no condemnation actions have yet been filed, the Plaintiffs have been threatened by the VILLAGE that their property will be acquired by eminent domain if they do not sell to the developer; furthermore, code enforcement actions are ongoing against LaLa's AUTO REBUILDERS in the Lyons municipal Court, which is not part of the Cook County Circuit Court system.

53.  That there is a substantial likelihood that Plaintiffs will prevail upon the merits.

54.  That the threatened injury to Plaintiffs outweighs the Defendant municipality's claim that they are acting in the public interest and outweighs any potential harm to the health, safety and welfare of the public.

55.  That, therefore, the Plaintiffs request injunctive relief against the filing of any condemnation actions against them pending resolution of this action as well as of any and all pending or future code enforcement actions against any Plaintiff.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ JR.,

KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request this Court:

A.  To enter a temporary, preliminary and/or permanent injunction restraining the VILLAGE OF LYONS or any of its officers, employees or agents from filing or proceeding with the development of the pending TIF District, or implementing or filing any local or State litigation for condemnation or , specifically including, the code enforcement prosecutions against the Plaintiffs, and further be prevented from issuing any General Obligation Bonds or other bonds or implementing any other financing measures relative to the TIF District requiring the City to maintain the status quo until a resolution on the merits of the matters herein;

B.  Alternatively, to enter an order restraining the municipal Defendant, the VILLAGE OF LYONS, ILLINOIS, from continuing, maintaining or bringing any other or further litigation against any Plaintiff until the resolution of the matters alleged in this Complaint, or alternatively, enter a blanket stay as to all such litigation;

C.  For such other and further relief in the premises as is just and proper.

## COUNT VI

**VIOLATION BY PRIVATE PERSONS OF
PLAINTIFFS' CIVIL RIGHTS, PURSUANT TO
42 U.S.C. SEC. 1983, BASED UPON A
CONSPIRACY WITH MUNICIPAL DEFENDANT**

## Defendants - Riverwalk Partners, L.L.C. and Tom Walsh, Individually

1-45.  That the Plaintiffs' reallege and reassert Paragraphs 1-45, of Count I,

25

hereinabove, as Paragraphs 1-45, of this Count VI.

48. That the Defendants, and each of them, entered into an oral agreement with the officer, agents, and, or, control employees of the VILLAGE OF LYONS, including its President, Trustees, Village Manager and Building and Zoning Director, whereby they reached a meeting of their minds to form and participate in a conspiracy to deprive the Plaintiffs, and each of them, of their rights.

49. That the Defendants conspired with the municipal officials, by participating in, abetting, agreeing to, or allowing the following overt acts in furtherance of said conspiracy:

A. In posing and promulgating an invalid and insubstantial TIF District, based upon an inadequate, faulty, non-disclosed and wholly deficient redevelopment plan;

B. For the purposes of obtaining the Plaintiffs' property and business interests, and where applicable, their residence, for the purpose of redeveloping, at a great public expenditure and private profit, as to these Defendants, for no viable public purpose;

C. Engaged in attempting to force the Plaintiffs to sell their property and, or businesses to the VILLAGE or the developer, pursuant to the invalid TIF District;

D. Attempted to coerce and threaten the Plaintiffs that they would get much less if they did not sell at once as directed;

E. Engaged in wrongful, biased enforcement of building, zoning, fire and other codes by means of citation; prosecution of LaLa's AUTO REBUILDERS for improper causes in their body shop, requiring

26

equipment and fixtures wholly unnecessary or not required of similar businesses, threatening to remove or block access to the business, sending inspectors repetitively to the business and premises of the Plaintiffs to look for ways to cite them;

F.   TOM WALSH, individually and representing the developer, on information and belief, represented himself to various owners that he was an agent of or for the VILLAGE and that the owners had no choice other than to take what was offered for acquisition of their properties;

G.   Both Defendants, RIVERWALK PARTNERS, L.L.C. and WALSH, as its manager, as well as WALSH, individually, to the extent his actions were ultra vires, filed an admittedly false Certification of ownership or agency as to the owners of Plaintiffs' property, which he did not own, on a Petition for re-zoning, which was published for public hearing, a hearing of sorts being held, in an attempt to unlawfully affect zoning change upon the use of property neither he or RIVERWALK PARTNERS, L.L.C. owned for purposes of private profit or redevelopment, pursuant to an unlawfully adopted and promulgated TIF District and faulty redevelopment plan. Exhibit "I"

H.   Making an attempt to devalue the properties and businesses of the Plaintiffs by the TIF District redevelopment plan, threats, scare tactics, misinformation, isolation of owners, secrecy and other disreputable tactics.

48.   That the conspiracy injured the Plaintiff, and each of them, by disrupting their businesses, causing loss of profit, interfering with their business relationships,

27

creating business uncertainty, costing time, money, including attorney's fees and costs, psychological harm, and for improper disparagement of Plaintiffs' businesses and properties, as well as violation of Plaintiffs' constitutional rights and, or liberty interests.

49.    That the conspiracy was intended to an did deprive the Plaintiffs of their rights to Substantive Due Process and Constitutional Equal Protection, pursuant to the U.S. Constitution and 42 U.S.C. Sec. 1983, based upon violation of Plaintiffs' property and, or liberty interests.

WHEREFORE, the Plaintiff, LaLa's AUTO REBUILDERS, respectfully requests:

A.    That this Court enter judgment against RIVERWALK PARTNERS, L.L.C. and TOM WALSH, individually, and in favor of the Plaintiffs;

B.    That this Court award Plaintiffs in excess of Fifty Thousand Dollars ($50,000.00), jointly and severally against each Defendant;

C.    Award punitive damages in such an amount as to make each "smart";

D.    Such other and further relief in the premises as is just and proper.

## COUNT VII

### PENDANT CLAIM I - INTERFERENCE WITH ECONOMIC EXPECTANCY

### By All Plaintiffs

### Defendant - Village of Lyons

1.    That this is a state civil action.

2    That the actions complained of took place in Cook County, Illinois.

3.    That this claim is brought based upon this Court's jurisdiction over ancillary and pendent state claims.

28

4-45.  That the Plaintiffs restate and reallege Paragraphs 4 through 45, of Count I, hereinabove, as Paragraphs 4 through 45, of this Count VII.

46.  That at all times relevant thereto, the municipal Defendant knew or should have known, through its officers, control employees and, or agents, that the Plaintiffs had an economic expectancy in the operation their businesses.

47.  That based upon the intentional harassment, unlawful code enforcement as to the Plaintiffs' properties and businesses, the Plaintiffs lost sales, revenues and income.

48.  That the above-alleged injury and damage to the Plaintiffs, due to loss of economic expectancy and interference in their commercial activities, was proximately caused by the Defendant, and its actions, and, or non-actions.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN respectfully requests:

A.  That this Court enter judgment against the VILLAGE OF LYONS and in favor of the Plaintiff;

B.  That this Court award Plaintiffs in excess of Fifty Thousand Dollars ($50,000.00);

C.  Such other and further relief in the premises as is just and proper.

## COUNT VIII

**PENDANT CLAIM II - THE ORDINANCES
PROMULGATING THE TAX INCREMENTAL
FINANCING (TIF) DISTRICT, ARE ARBITRARY
AND CAPRICIOUS, UNREASONABLE,**

## UNCONSTITUTIONAL AND, THUS, VOID AND, OR UNENFORCEABLE, AS A MATTER OF LAW, AS APPLIED

### Defendant - Village of Lyons

1.      That this is a state civil action for damages.

2.      That the actions complained of took place in Cook County, Illinois.

3.      That this claim is brought predicated upon the Court's ancillary and pendant jurisdiction.

4-45.   That the Plaintiffs reallege and reassert Paragraphs 4 through 45, of Count I, hereinabove, as Paragraphs 4 through 45, of this Count VII.

46.     That the TIF ordinance is arbitrary, capricious and unconstitutional, for the above-pled reasons.

47.     That, accordingly, the Lyons' TIF Ordinances (See Group Exhibit "D"), are illegal, unconstitutional and void, as applied.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR. , KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request:

A.      That this Court declare that Lyons' TIF Ordinances (Group Exhibit "D"), are illegal, unconstitutional and void, as applied, as a matter of law;

B.      Such other and further relief in the premises as is just and proper.

### COUNT IX

### PENDANT CLAIM III - CIVIL CONSPIRACY

### Defendants - Village of Lyons; Riverwalk Partners, L.L.C.; and Tom Walsh, Individually

1-48.   That the Plaintiffs reallege and reassert Paragraphs 1-48, of Count VI,

hereinabove, as Paragraphs 1-48, of this Count IX.

49.     That the Defendants, and each of them, engaged in a civil conspiracy, involving two (2), or more individuals and committing the overt acts, noted above, in furtherance of the conspiracy, as well as schemed, encouraged, allowed, aided and, or abetted the same.

WHEREFORE, the Plaintiffs, JOSEPH METZ & SON, INC., EDWARD METZ, JR., KATHERINE METZ CATINO, LORELEI T. MALMBORG, MARK R. METZ, JOHANNA M. METZ, CHRISTIAN H. METZ, MARGARET METZ COLBERT, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this Court:

A.      Enter judgment against each specified Defendant, jointly and severally;

B.      Award damages in excess of Fifty Thousand Dollars ($50,000.00);

C.      Award punitive or exemplary damages against each individual Defendant, other than THE VILLAGE OF LYONS, as is justified relative to each's misconduct, in an amount such as to make each "smart";

D.      Such other and further relief in the premises as is justified.

## COUNT X

### PENDANT CLAIM IV - FRAUD AND MISREPRESENTATION

### Defendants - Riverwalk Partners, L.L.C. and Tom Walsh, Individually

1-45.   That the Plaintiffs reallege and reassert Paragraphs 1-45, of Count I, hereinabove, as Paragraphs 1-45, of this Count X.

46.     That the misrepresentations of WALSH, as manager of RIVERWALK PARTNERS, L.L.C., on a Certification on a zoning petition to the Lyons Zoning

31

Board, that the Defendants had an ownership or agency interest in the Plaintiffs' properties, which they did not have, WALSH, individually being liable to the extent that this actions were <u>ultra vires</u>; said zoning petition was knowingly and intentionally false.

47.     That while the Plaintiffs learned of the deception and attended the formally noticed zoning hearing at which the Defendants intended to fraudulently affect the zoning on their property, the misrepresentations were part of a scheme or artifact to defraud.

48.     That the Plaintiffs suffered injury by the disparagement of title to their properties and premises, attorneys fees, out of pocket costs, psychological stress and harm.

WHEREFORE, the Plaintiffs, respectfully request that this Court:

A.      Enter judgement against each individual Defendant, jointly and severally;

B.      Award damages in excess of Fifty Thousand Dollars ($50,000.00);

C.      Award punitive or exemplary damages against each individual Defendant as is justified relative to each's misconduct, in an amount such as to make each "smart";

D.      Such other and further relief in the premises as is justified.

## <u>COUNT XI</u>

### PENDANT CLAIM VI - SLANDER OF TITLE

#### Plaintiff - LaLa's Auto Rebuilders and <u>Michael Pantelin</u>

#### Defendants - Riverwalk Partners L.L.C. and <u>Tom Walsh, Individually</u>

1-46.   That the Plaintiffs reallege and reassert Paragraphs 1-46, of Count X,

32

hereinabove, as Paragraphs 1-46 of this Count XI.

47.  That the written, false publication upon the zoning petition was known and intended by the Defendants to be false.

48.  That the false publication upon a public document constituted the slander of Plaintiff PANTELIN'S title to the real property on Barrypoint Road.

49.  That the Plaintiffs were damaged by the disparagement of their business and ownership interests in the business, and by public publication that LaLa's AUTO REBUILDERS was soon potentially to be down-zoned, thus,, causing loss of customers, interference with their employment, attorneys' fees to Plaintiffs and out of pocket costs, and a restraint on alienation, all constituting special damages.

50.  That the false publication of the Defendants was in no way privileged and constituted an act(s) done with malice.

WHEREFORE, the Plaintiffs, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN respectfully request that this Court:

A.  Enter judgment against each individual Defendant, specifically and severally;

B.  Award damages in excess of Fifty Thousand Dollars ($50,000.00);

C.  Award punitive or exemplary damages against each individual Defendant as is justified relative to each's misconduct, in an amount such as to make each "smart";

D.  Such other and further relief in the premises as is justified.

## COUNT XII

## PENDANT CLAIM VII - ABUSE OF PROCESS

33

**Plaintiffs - LaLa's Auto Rebuilders and**
**Michael Pantelin**

**Defendants - Riverwalk Partners, L.L.C. and**
**Tom Walsh, Individually**

1-47.   That the Plaintiffs realleges and reassert Paragraphs 1-47, of Count XI, hereinabove, as paragraphs 1-47, of this Count XII.

48.   That the false representation and publication upon a public document filed with the VILLAGE OF LYONS was made and done by the Defendants, and each of them, based upon malicious motive; to attempt to secretly or otherwise down-zone Plaintiffs' property, Defendants did not own or have any right, title or interest in said property, their actions being part of a scheme to obtain and devalue Plaintiffs' property and business interests and in violation of Plaintiffs' property rights and interests.

49.   That the acts, above noted, constitute an abuse of a legal or quasi-legal process, being wholly improper and unlawful in the prosecution of such proceedings.

WHEREFORE, the Plaintiffs, LaLa's AUTO REBUILDERS and MICHAEL PANTELIN, respectfully request that this Court:

A.   Enter judgment against each individual Defendant, jointly and severally;;

B.   Award damages in excess of Fifty Thousand Dollars ($50,000.00);

C.   Award punitive or exemplary damages against each individual Defendant as to justified relative to each's misconduct, in an amount such as to make each "smart";

D.   Such other and further relief in the premises as is justified.

Respectfully submitted,

_Joseph M. Williams_
Joseph M. Williams, Attorney for Plaintiffs

_Robert V. Gildo_
Robert V. Gildo, Attorney for Plaintiffs


Robert V. Gildo
Joseph M. Williams
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / fax (630) 462-8067


## CERTIFICATION

That the undersigned doth swear and affirm that the foregoing pled facts are true and correct to the best of their actual knowledge or, where so pled, upon their information and belief.

_Edward J. Metz Jr._
Edward J. Metz as President and Beneficiary
of Joseph Metz & Son, Inc.

_Katherine Metz Catino_
Katherine Metz Catino

_Lorelei T. Malmborg_
Lorelei T. Malmborg

_Mark R. Metz_
Mark R. Metz

_Johanna M. Metz_
Johanna M. Metz

_Christian H. Metz_
Christian H. Metz

_Margaret Metz Colbert_
Margaret Metz Colbert

_Michael Pantelin_
Michael Pantelin, as an individual and
d/b/a LaLa's Auto Rebuilders


SUBSCRIBED and sworn to before
me this _11th_ day of January, 2001.

_Sandra R. Mundell_

"OFFICIAL SEAL"
Sandra R. Mundell
Notary Public, State of Illinois
My Commission Expires 03/17/04

35

## EXHIBIT LIST

A.    Legal description of property owned by JOSEPH METZ & SON, INC.

B.    Legal description of leased property

C.    TIF brochure

D.    Ordinances 08-08-00-1, 08-08-00-2, 08-08-00-3, 08-08-00-4, 08-08-00-5 and 08-08-00-6

E.    Redevelopment Plan

F-G.    Ordinances 08-08-00-7 and 08-08-00-8

H.    "Legal Notice" of public hearing

I.    Application of RIVERWALK PARTNERS, L.L.C. and TOM WALSH

J.    Motion to Dismiss, Affidavit of MICHAEL PANTELIN

Exhibits A, B, D, E, F-G are voluminous documents and are public records
on file and/or in the possession of Defendants and for purposes of the record
will be provided upon request by any party or the Court.

SEE CASE FILE FOR EXHIBITS

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**FILED**

JAN 1 2 2001

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

~~...W. DOBBINS~~
CLERK, U.S. DISTRICT COURT

## I. (a) PLAINTIFFS

*SEE ATTACHED*
*EXHIBIT A*

## DEFENDANTS

*SEE ATTACHED*
*EXHIBIT A*
*COOK*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
*COOK*

**01C**

**0270**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**JUDGE PLUNKETT**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*Robert V. Gildo    630-462-7979*
*Joseph M. Williams*
*209 N. Hale, Wheaton, IL 60186*

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE NOLAN**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

**DOCKETED**
**JAN 1 6 2001**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## IV. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates, etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*42 USC 1983 – Civil Rights; Equal Protection, Due Process, Pendent Claims*

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $2,000,000

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
*1-12-01*

SIGNATURE OF ATTORNEY OF RECORD
*Robert V. Gildo*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSEPH METZ & SON, INC., an            )
Illinois Corporation; EDWARD METZ,     )
JR., President of the Corporation,     )
KATHERINE METZ CATINO; LORELEI )
T. MALMBORG; MARK R. METZ,             )
JOHANNA M. METZ; CHRISTIAN H.          )
METZ, MARGARET METZ COLBERT            )
LaLa's AUTO REBUILDERS, an Illinois    )
Sole Proprietorship and MICHAEL        )
PANTELIN,                              )
             Plaintiffs,         )    No.
                              )
vs.                                    )    Judge, Honorable _____
                              )
THE VILLAGE OF LYONS, ILLINOIS,        )    Jury Trial Demanded
an Illinois Municipal Corporation;     )
DAVID A. VISK, as Village President,    )
and individually; ROBERT SULLIVAN,     )
as Trustee, and individually;  MARK    )
ANDERSON, as Trustee and individually )
TIMOTHY TVRDIK, as Trustee and         )
individually; GARY BENEDIK, as         )
Trustee and individually; GREGORY      )
BOKSA, as Trustee and individually;    )
and PATRICIA KRUEGER, as Trustee       )
and individually;  RIVERWALK           )
PARTNERS, L.L.C., a corporation, d/b   )
in the State of Illinois and TOM WALSH )
as Manager or Director of RIVERWALK    )
PARTNERS, L.L.C., and individually,    )
             Defendants.         )

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS, FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF TO RESTRAIN ILLEGAL MUNICIPAL/STATE PROCEEDINGS AND FOR RELIEF ON RELATED PENDANT CLAIMS

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# FILED

In the Matter of *METZ V. VILLAGE OF LYONS, ETAL.*

**01C 0270**

JAN 1 2 2001

Case Number MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

*PLAINTIFFS - SEE ATTACHED EX &*

JUDGE PLUNKETT

MAGISTRATE JUDGE NOLAN

| **(A)** | **(B)** |
|---|---|
| SIGNATURE *Robert V. Gildo* | SIGNATURE |
| NAME *ROBERT V. GILDO* | NAME |
| FIRM *LAW OFF. R.V.GILDO* | FIRM |
| STREET ADDRESS *209 N. HALE* | STREET ADDRESS |
| CITY/STATE/ZIP *WHEATON, IL 60187* | CITY/STATE/ZIP |
| TELEPHONE NUMBER *630-462-7879*   FAX NUMBER *630-462-8067* | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) *0956252* | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| **(C)** | **(D)** |
|---|---|
| SIGNATURE *Joseph M. Williams* | SIGNATURE |
| NAME *JOSEPH M. WILLIAMS* | NAME |
| FIRM *LAW OFF. OF J.M. WILL.* | DOCKETED   JAN 1 6 2001 |
| STREET ADDRESS | FIRM |
| CITY/STATE/ZIP *AS ABOVE* | STREET ADDRESS |
| TELEPHONE NUMBER   FAX NUMBER | CITY/STATE/ZIP |
| E-MAIL ADDRESS | TELEPHONE NUMBER   FAX NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) *03128789* | E-MAIL ADDRESS |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| TRIAL ATTORNEY? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSEPH METZ & SON, INC., an Illinois Corporation; EDWARD METZ, JR., President of the Corporation, KATHERINE METZ CATINO; LORELEI T. MALMBORG; MARK R. METZ, JOHANNA M. METZ; CHRISTIAN H. METZ, MARGARET METZ COLBERT LaLa's AUTO REBUILDERS, an Illinois Sole Proprietorship and MICHAEL PANTELIN, | ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | No. |
| vs. | ) ) ) | Judge, Honorable _____ |
| THE VILLAGE OF LYONS, ILLINOIS, an Illinois Municipal Corporation; DAVID A. VISK, as Village President, and individually; ROBERT SULLIVAN, as Trustee, and individually; MARK ANDERSON, as Trustee and individually TIMOTHY TVRDIK, as Trustee and individually; GARY BENEDIK, as Trustee and individually; GREGORY BOKSA, as Trustee and individually; and PATRICIA KRUEGER, as Trustee and individually; RIVERWALK PARTNERS, L.L.C., a corporation, d/b in the State of Illinois and TOM WALSH as Manager or Director of RIVERWALK PARTNERS, L.L.C., and individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) |  |

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS, FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF TO RESTRAIN ILLEGAL MUNICIPAL/STATE PROCEEDINGS AND FOR RELIEF ON RELATED PENDANT CLAIMS

1