# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 270 | **DATE** | 2/19/2002 |
| **CASE TITLE** | Joseph Metz & Son, Inc., etal vs. The Village of Lyons, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs motion for leave to file amended complaint is granted in part and denied in part. Defendants' motion to strike (43-1 and 44-1) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 0 2002 | 49 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/19/2002 | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice GL mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH METZ & SON, INC., an Illinois )
Corporation; JOHANNA M. METZ, Vice President )
of the Corporation, KATHERINE METZ )
CATINO; LORELEI T. MALMBORG; MARK R. )
METZ; CHRISTIAN H. METZ; MARGARET )
METZ COLBERT; MARY ANN LEWIS; HENRY )
J. METZ; DEJAN DRAGOJEVIC; DAMIR )
MISSBRENNER and ROBERT CHESKEY, )
                                             Plaintiffs, )
                                                        ) 01 C 0270
     v. )

THE VILLAGE OF LYONS, ILLINOIS, an )
Illinois Municipal Corporation; DAVID A. VISK, )
as Village President, and individually; ROBERT )
SULLIVAN, as Trustee, and individually; MARK )
ANDERSON, as Trustee and individually, )
TIMOTHY TVRDIK, as Trustee and individually; )
GARY BENEDIK, as Trustee and individually; )
GREGORY BOKSA, as Trustee and individually; )
and PATRICIA KRUEGER, as Trustee and )
individually; RIVERWALK PARTNERS, L.L.C., )
a corporation, d/b in the State of Illinois and )
TOM WALSH as Manager or Director of )
RIVERWALK PARTNERS, L.L.C., and individually; )
KEVIN CLOSE, as Manager of the Village of )
Lyons and individually; and PATRICK BURELLE, )
as Building and Code Director of the Village of )
Lyons, and individually, )
                                             Defendants. )

DOCKETED
FEB 20 2002

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

    Plaintiffs have filed an eight count Second Amended Complaint against the Village of Lyons (the "Village"), including its trustees, president, and two employees. Also named as defendants are Riverwalk Partners, L.L.C. ("Riverwalk") and Tom Walsh as manager of Riverwalk. Plaintiffs' complaint centers around allegations that the Village improperly adopted a tax increment financing

1

49

("TIF") district and subsequently violated Plaintiffs' property and civil rights in their efforts to implement the district. Counts I-V seek relief under 42 U.S.C. § 1983. Counts I - III allege, respectively, that the Village violated Plaintiffs' equal protection rights, substantive due process rights, and procedural due process rights as guaranteed under the Fourteenth Amendment when the Village illegally passed TIF ordinances and subsequently used various means in an effort to get Defendants to sell their land. Count IV alleges violation of various rights by each defendant in his or her individual capacity. Count V alleges a federal civil conspiracy by and among the various defendants, including Riverwalk and Tom Walsh, to deprive the Plaintiffs of their constitutional rights.

Counts VI-VIII are pendant Illinois state law claims alleging violation of certain rights. Count VI alleges interference with Plaintiffs' economic expectancy. Count VII alleges that the ordinances enacting the TIF district created by the Village are unconstitutional under the Illinois constitution. Count VIII alleges a state civil conspiracy by and among the various defendants, including Riverwalk and Tom Walsh, to deprive the Plaintiffs of their rights.

Leave to file Plaintiffs' amended complaint is granted in part and denied in part. Defendants' motions to strike are granted in part and denied in part.

PROCEDURAL HISTORY

Plaintiffs' Amended Complaint was largely dismissed by our previous order on October 15, 2001. Plaintiff's Second Amended Complaint seeks to rectify some of its predecessor's deficiencies. First, the Second Amended Complaint omits a pendant fraud claim against Tom Walsh and Riverwalk that was Count IX in the Amended Complaint. Next, the Second Amended Complaint omits the claim of taking without just compensation that formed the heart of Plaintiffs' Amended Complaint. In its place, Plaintiffs have added a procedural due process claim. This decision is significant. Our order dismissing most of the Amended Complaint was based upon the Williamson ripeness doctrine. *See Williamson County Reg'l Planning Comm'n v.*

2

Hamilton *Bank of Johnson City*, 473 U.S. 172 (1985). Pursuant to that doctrine, we dismissed Plaintiffs' takings claims as not ripe for adjudication due to available, and unexercised, state law remedies. We also dismissed the due process and equal protection counts under the Williamson rubric, finding essentially that both counts were merely "disguised takings claims." Joseph *Metz & Son et al. v. Village of Lyons, Illinois, et al*, No. 01 C 0270 (Oct. 15, 2001). By removing the takings claim from their Second Amended Complaint, Plaintiffs are attempting to elude the Williamson doctrine and show that their claims are not merely disguised takings claims and that the alleged civil rights violations are stand-alone violations. They have been partly successful.

In our order entered November 6, 2001, we reserved ruling on Plaintiffs' motion for leave to amend their Amended Complaint pending our review of the Second Amended Complaint. As such, the issue pending before us is whether to grant Plaintiffs' motion for leave to file the Second Amended Complaint. Defendants have moved to strike the Second Amended Complaint, arguing that the new complaint does not cure the defects we identified in our October 15, 2001 opinion and that Counts I-III and V remain unripe for adjudication. Moreover, Defendants argue that the Second Amended Complaint does not cure the defects found in Count IV in that the individual trustees remain shielded from liability via legislative immunity.

The purpose of Plaintiffs' motion for leave to amend, and Defendants' corresponding motion to strike, is to determine whether the Second Amended Complaint cures the defects found in the Amended Complaint. As such, we will not concern ourselves with any additional arguments made by Defendants that would better be suited for a subsequent motion to dismiss. In particular, Defendants argue that we should abstain from the current case due to a pending condemnation proceeding in state court dealing with the Metz property. In our October 15, 2001 opinion, we addressed and dismissed Defendants' first abstention argument. Defendants now point to a new case filed since our October 15 opinion that may bring the abstention issue back into the mix. *See*

3

Village *of Lyons v. Bank Chicago,*, Case No. 01 L 051086. As such and contrary to Plaintiffs' assertion, Defendants are not attempting to "rehash issues . . . previously decided." Plaint. Resp. at 1. Considering the filing of the state court condemnation proceeding, Defendants may have a good argument that this court should abstain in the present action. But the motion to strike is not the proper time to raise it nor have Plaintiffs been given an adequate opportunity to respond.[1] Defendants have also argued in their motion to strike that Plaintiffs Missbrenner and Cheskey do not have standing to bring any of the claims in the complaint. That argument, like the abstention argument, is best reserved for a motion to dismiss.

Defendants have averred that Plaintiffs' allegations against individual Village defendants are designed "to sabotage the Lyons redevelopment plan, to drive away investors, lenders and businesses, so the Plaintiffs can accomplish through the institution of litigation what they fear they cannot accomplish through the resolution of the litigation." Def. Mem. at 11. This is a serious allegation, one that, if true, would implicate a violation of Federal Rule of Civil Procedure 11(b)(1) (proscribing litigation brought solely to harass or cause unnecessary delay) . As with all such matters, this court would entertain a motion for sanctions pursuant to Rule 11 if Defendants feel that they could produce evidence of such dilatory conduct. Until that time, however, we will address only the legal issues at hand.

## FACTS

The following facts are taken from the Plaintiffs' Second Amended Complaint and are assumed to be true for the purpose of adjudicating this motion. The complaint centers around the Village's promulgation of various ordinances creating a TIF district in August 2000.[2] Plaintiffs'

---

[1] As Plaintiffs correctly point out, they were only given two business days to respond to Defendants' motion to strike.

[2] *Hispanics United of Dupage County v. Village of Addison*, 988 F.Supp. 1130, 1137 (N.D. Ill. 1997):

4

properties were among the business and miscellaneous parcels designated for redevelopment within the TIF district. Beginning around April 2000, the Village, through its officers and employees and in concert with Riverwalk (the project developer), allegedly engaged in a pattern of abuse and harassment in an effort to force the Plaintiffs to sell their properties to the Village or Riverwalk and otherwise attempt to diminish the value of the Plaintiffs' property. Among the litany of actions alleged by Plaintiffs are: (1) the use of discriminatory code enforcement procedures against Plaintiffs; (2) the use of scare tactics, like the threat of "Quick Take Condemnation," to get Plaintiffs to sell their property; (3) the misrepresentation by Riverwalk and Tom Walsh on a Special Use application that it was the owner of some properties within the district; (4) the dissemination of rumors and false information meant to isolate and alienate the owners in the TIF district from one another; (5) the intentional encouragement of one Plaintiff to expend a significant sum of money improving his property only to later be told that the property would soon be condemned; (6) the passing of an ordinance declaring a moratorium on the issuance of building permits within the TIF district, thereby preventing Plaintiffs from correcting various code violations; and finally, (7) the failure of the Village to follow its ordinances and practices by not requiring Riverwalk to disclose its own ownership interests.

Plaintiffs also allege various abuses of municipal power: (1) at a April 23, 2000 Village Board meeting, the trustees illegally granted the village manager, Kevin Close, administrative control of the Village's affairs, including all finances, record keeping, and managerial responsibilities; and (2) Kevin Close thereafter refused to allow newly elected Village officers access to village records by changing the locks on all doors containing village records and ordering Village personnel to deny access to those locations.

---

Regions that meet the statute's definition of a "blighted" area may be incorporated into TIF districts, where the municipality is then authorized to acquire property in the district, by contract or condemnation, and demolish it. See 65 ILCS 5/11-74.4-3(a), S 74.4-4(c), (d).

5

Finally, Plaintiffs dispute the legality of the procedure used to pass the TIF ordinances. The irregularities cited by Plaintiffs include the failure the make the redevelopment plans reasonably available to the public, the failure of the joint review board to address written and verbal objections to the development plan, the insufficiency of the report on the redevelopment plan, and the insufficiency of the redevelopment plan itself. Plaintiffs allege that the Village's improper promulgation of the TIF ordinances and the subsequent actions intended to get Plaintiffs to sell their property were arbitrary, capricious and not in pursuit of any legitimate public interest.

## ANALYSIS

Our analysis of Plaintiffs' motion for leave to file an amended complaint and Defendants' corresponding motions to strike is limited to the dispositive issues raised in our October 15, 2001 opinion. As such, we will deal respectively with whether the Second Amended Complaint has cured the following defects noted in our previous opinion: (1) that Plaintiffs' due process and equal protection counts are unripe for our review; (2) that liability against the Village president and trustees in their individual capacities is precluded due to their absolute legislative immunity; (3) that Plaintiffs did not have standing to bring a claim against Tom Walsh in Count IV because Plaintiffs failed to allege that Tom Walsh caused them any injury-in-fact; and (4) that, even if Plaintiffs had standing to bring a claim against Tom Walsh, Plaintiffs' Count IV would still be dismissed as to Tom Walsh for failing to allege behavior that was fairly attributable to the state.

### Ripeness of Substantive Due Process Claim

In dismissing the due process claim in our previous opinion, we noted that the Williamson ripeness requirement applies to due process violations under the rubric of a takings claim. As such, the viability of Plaintiffs amended due process claim depends upon its independence from the takings claim. To avoid the ripeness requirement, Plaintiffs must convince

6

us that their due process claim is not merely a takings claim in disguise.

Plaintiffs Second Amended Complaint omits the takings claim entirely. Instead, the new complaint emphasizes Plaintiffs' allegation that the various Village ordinances at issue are unconstitutional because they are arbitrary and capricious with no corresponding substantial relationship to the public health and safety. The bare presence or absence of a 'labeled' takings claim, however, is not dispositive. Plaintiffs' amendments must successfully allege a substantive due process violation that is independent of any takings claim – be it explicit or implicit in the pleadings.

Whether Plaintiffs' amendments are successful in this regard depends upon a careful reading of the Seventh Circuit's opinion in Forseth v. *Village of Sussex*, 199 F.3d 363 (7th Cir. 2000). In F*orseth*, various landowners brought suit against the Village of Sussex alleging violations of their constitutional rights when the Village wrongfully interfered with their land development. The Forseths, who sought to develop their newly purchased thirty acres of land in the Village, needed the approval of the Village Board to continue the proposed development. The Village Board, however, was led by a Village president who happened to own land abutting the Forseth's land and who greatly objected to the development efforts on the Forseth property. The Village Board ultimately agreed to a reduced development plan for the Forseth property, but only on the condition that the Forseth's convey a 1.85 acre buffer strip of land to the Village president. The Forseth's then filed suit claiming, inter *alia*, that their substantive due process rights had been violated by the forced conveyance of land for the personal gain of the Village president.

In addressing the Forseth's substantive due process claim, the Seventh Circuit noted that substantive due process has "its greatest appeal when the state acts outside its eminent domain powers, for example by taking property for a private rather than for a public use." Forseth, 199 F.3d at 369 (quoting *Gamble v. Eau Claire County*, 5 F.3d 285, 286 (7th Cir. 1993)). But the court cited with approval its decision in Covington *Court, Ltd. v. Village of Oak Brook,*

7

77 F.3d 177 (7th Cir. 1996), in which it held that "even where a state takes property for a purely private rather than a public use, on takings and *due process claims* a plaintiff first must show that it has availed itself of state court remedies." *Forseth*, 199 F.3d at 369-370 (internal citations omitted, emphasis supplied). The court concluded that, despite the "troubling facts and allegations" of official misconduct, the Forseth's "'labelled' substantive due process claim falls within the framework for takings claims" and is subject to Williamson's requirement that they first pursue and exhaust their state court remedies. Id. at 370 (internal citations omitted).

The present allegation of a substantive due process violation centers around the allegedly improper adoption and execution of village ordinances that have the ultimate effect of depriving plaintiffs of their land and businesses. Indeed, plaintiffs' primary requested remedy for this and other counts is an injunction preventing the Village from condemning Plaintiffs' properties pursuant to the TIF District. Moreover, Plaintiffs' allege a conspiracy between Riverwalk and the Village by which they sought to deprive Plaintiffs of their substantive due process rights "at great public expenditure and private profit." Sec. Am. Compl., Count V, ¶62. Yet Plaintiff's allegations, as serious as they are, do not rise to a level of misconduct that exceeds that found in Covington and Forseth. In both of those cases, substantive due process claims centered on official misconduct were still found to be based upon the takings rubric and subject to the Williamson ripeness requirement.

It is clear from Plaintiffs' allegations that their efforts in this case are almost exclusively focused on preventing the condemnation of their land and businesses. The other allegations clearly play second fiddle to this one overriding concern. As such, we are not convinced that the substantive due process Count is anything more than a disguised takings claim. Because the labeled substantive due process claim falls within the framework of a takings claim, the claim remains subject to the ripeness requirement. As such, and because Plaintiffs have failed to cure

8

the pleading deficiency of this claim (Count II), leave to amend the substantive due process Count is denied pending exhaustion of available state court remedies.

Because the procedural due process claim is a new Count and was not addressed in our previous opinion, we are unable to ascertain whether any pleading deficiency has been corrected. As such, leave is granted for Plaintiffs to amend their complaint to include the new Count III and Defendants' motion to strike Count III is denied. Any argument that Count III (procedural due process) should be dismissed must be made in Defendant's motion to dismiss, if any, so that the issue may be fully briefed by all parties.

Ripeness of Equal Protection Claim

In our previous opinion, we held that Plaintiff's equal protection claim was, like the substantive due process claim, merely a disguised takings claim and thus subject to Williamson ripeness requirements. Plaintiffs' Second Amended Complaint corrects this deficiency.

In evaluating the equal protection claim, the Seventh Circuit's reasoning in *Forseth* is again persuasive. In *Forseth*, the court recognized that "bona fide equal protection claims arising from land use decisions can be made independently from a takings claims and without being subject to Williamson ripeness." *Forseth*, 199 F.3d at 370 (emphasis supplied). Thus, an equal protection claim will not be barred under *Williamson* so long as the claim is "not merely an attempt to get a takings claim under the radar." *Vigilante v. Village of Willmette*, 88 F.Supp.2d 888, 890 (N.D. Ill. 2000).

The court in Forseth stated that, "absent a fundamental right or a suspect class," a viable equal protection claim in a land use context must demonstrate "governmental action wholly impossible to relate to legitimate governmental objectives." *Forseth*, 199 F.3d at 370-371 (citing *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)). This standard is deemed satisfied when the equal protection claim is based upon (1) "the malicious conduct of a government agent, in

other words, conduct that evidences a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective" or (2) circumstances, such as a prayer for equitable relief, "that sufficiently suggest that the plaintiff has not raised just a single takings claim with different disguises." Forseth, 199 F.3d at 371 (internal citations omitted).

We hold that Plaintiffs have met this burden – they have demonstrated that their equal protection claim is more than merely a disguised takings claim. Assuming, as we must, that the allegations in the complaint are true, plaintiffs have indeed alleged that the implementation of the TIF district and the subsequent treatment of the Plaintiffs by the Village was "malicious." Sec. Am. Compl., Count I, ¶47. Moreover, Plaintiffs have alleged that the Village's actions were wholly unrelated to any legitimate state objective. Id. at ¶46. These bare allegations alone are sufficient at this juncture to maintain a viable stand-alone equal protection claim that is not subject to the Williamson ripeness requirement. Leave to amend Count I of the Second Amended Complaint is hereby granted and Defendants' motion to strike is denied.

Legislative Immunity

The gravamen of Plaintiffs' complaint against the Village president and trustees in their individual capacities is that their improper approval of the TIF district, and their alleged behavior with regard to the properties in the district, deprived the Plaintiffs of their constitutional rights. In our previous opinion, we dismissed this Count as it pertains to the Village president and trustees in their individual capacity because those defendants were entitled to absolute legislative immunity for their legislative actions. Plaintiffs now seek to amend Count IV in a way that avoids the pitfall of legislative immunity. Specifically, Plaintiffs assert that the president and the trustees merely "feigned the performance of a legislative function" and thus their behavior "cannot provide them with a shield of legislative immunity." Sec. Am. Compl., Count IV, ¶ 49.

As pointed out in our previous opinion, local legislators, like the Village president and

trustees here, "are entitled to absolute immunity from § 1983 liability for their legislative activities." Bogan v. Scott Harris, 523 U.S. 44, 54 (1998). "Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." Id. (internal citation omitted). The question then is whether the actions complained of are within the sphere of legislative activity and thus immune from liability.

The Court in Bogan emphasized that absolute immunity extends to legislators regardless of alleged improper motive. The Court noted that "[w]hether an act is legislative turns on the nature of the act itself, rather than on the motive or intent of the official performing it." Id. We must then examine the specific alleged actions of the Village president and trustees without regard to Plaintiffs' assertions of improper motive to determine whether or not they fall in the sphere of legitimate legislative activity.

First, Plaintiffs claim that the president and trustees should be individually liable for their promulgation of legislation allegedly enacted in violation of the Illinois Open Meetings Act. However, as pointed out in our previous opinion, the passage of legislation is a quintessentially legislative act for which legislators are absolutely immune from civil liability. That Plaintiffs have alleged that such legislation was improperly enacted only states a possible cause of action to strike or invalidate the legislation at issue. Plaintiffs have provided no authority to suggest that the alleged impropriety in the passage of the legislation abrogates otherwise immutable legislative immunity. Leave to amend the complaint as regards the individual liability of elected officials for the passage of legislation is therefore denied.

Second, Plaintiffs list many specific behaviors for which they claim the Village president and trustees should be held individually liable. These behaviors are (1) the unlawful expenditure of Village funds when Kevin Close affixed the stamp of former Village president David Visk to a $50,000 check used to acquire property for Riverwalk after Visk was out of office (Sec. Am. Compl., ¶22,H,6); (2) the conduct of the elected officials in using their office to quell, shout down, or

11

otherwise discourage public outcry (Id., Count IV, ¶54); (3) the alleged conspiracy by the elected officials to deceive citizens of their rights by placing erroneous, false, and misleading public notices in local newpapers (Id., Count IV, ¶50); (4) the filing of a lawsuit for slander by trustee Krueger against one of the Plaintiffs using the Village attorney as her personal attorney (Id., Count IV, ¶52); and (5) the bringing of a lawsuit by various trustees in the name of the Village of Lyons against the newly elected Village president and clerk using the services of the Village attorney (Id., Count IV, ¶53).

As to the allegation regarding the allegedly improper authorization of Village funds, the Second Amended Complaint presents two views of this behavior. In paragraph 22, H, 6, the complaint focuses on the conduct of Kevin Close in authorizing the check using the stamp of former Village president Visk. In Count IV, paragraph 51, however, the complaint focuses on the conduct of former president Visk in *allowing* his stamp to be affixed to the check. These contradictory views must be reconciled and we can only assume that Plaintiffs intended to implicate both Defendants for the conduct at issue. As such, we will discuss immunity with regard to both Close and Visk.

As to Close, our previous opinion concluded that Close was not shielded by qualified legislative immunity in his individual capacity for his alleged improper conduct. That conclusion extends to this further allegation of misconduct. As to the allegation against former president Visk, we must conclude that because the alleged improper behavior occurred after Visk was no longer the elected Village president, he cannot be shielded by legislative immunity. Thus, both Visk and Close are not shielded by legislative immunity for their alleged misconduct regarding the improper expenditure of Village funds. Leave is granted to amend the complaint in this regard and Defendants' motion to strike is denied.

Next we must address the possibility of individual liability for the Village president and trustees for their alleged conspiracy to deceive citizens of their rights by placing erroneous, false,

and misleading public notices in local newspapers. While Plaintiffs' complaint is silent as to the specific requirements for public notice about Village referendums, we can assume that such requirements are outlined by statute or ordinance. Taking the allegations in the complaint to be true, we can then assume that the elected officials failed to follow those requirements when they provided inadequate and misleading notice about a referendum relative to the issuance of TIF bonds. Sec. Am. Compl., Count IV, ¶50. Yet Plaintiffs have provided no authority, nor can any authority be found, for the proposition that this activity was outside the legislative sphere. The placing of public notices, presumably prescribed by statute, is a legislative function antecedent to the passing of legislation. The allegation that such legislative function was improperly executed does not belie the fact that it remains a legislative function and, as such, is shielded from individual liability through legislative immunity. Put another way, the allegation that the required public notices were wrongly instituted merely speaks to the validity of the legislation at issue, it does not create individual liability for the Village president and trustees.

We come next to the allegation that several of the defendant trustees engaged in a program of harassment and intimidation of the newly elected Village president and trustees "by totally ignoring rules of order and procedure and shouting down any effort on the part of the newly elected offices [sic] to ask questions, prepare legislation [etc]." Sec. Am. Compl., Count IV, ¶54. Like the previous allegation, however, it is difficult to see how this activity could abrogate legislative immunity. Assuming, as me must, that the allegations are true, they speak merely to the questionable methods by which the defendant trustees performed their legislative duties. Because their behavior during Village board meetings was still within the purview and performance of their legislative function, their legislative immunity remains intact. Simply put, their behavior in "ignoring rules of order and procudure" cannot create individual liability for the defendant trustees. Leave to amend the complaint to include these allegations is denied and Defendants' motion to strike is granted.

13

Finally, we come to the allegations regarding the lawsuits brought by (1) trustee Krueger against one of the plaintiffs and (2) various trustees against the newly elected Village president and clerk. Plaintiffs' allegation that trustee Krueger filed a frivolous slander lawsuit against one of the Plaintiffs is fruitless. While it is true that this conduct is probably not itself a legislative act subject to immunity, it is also true that this conduct cannot provide a cause of action. To our knowledge, there is no federal cause of action against those who file lawsuits simply because the defendants of those lawsuits deem them to be frivolous. If a lawsuit is indeed frivolous, it will no doubt be dismissed. That, along with the possibility of sanctions, is the defendant's remedy – not the filing of an additional lawsuit to protest the filing of the original lawsuit. So permission to amend the complaint to include the allegation regarding the frivolous lawsuit is denied and Defendants' motion to strike is granted.

The allegation regarding the bringing of a lawsuit in the name of the Village of Lyons against the newly elected Village president and clerk is similarly quixotic. It is entirely unclear how this allegation can form the basis of a cause of action. Moreover, there is substantial uncertainty as to how Plaintiffs can claim to be damaged and thus have standing to bring such a claim. Plaintiffs have alleged that the Village of Lyons (apparently at the behest of several Village trustee defendants) brought a lawsuit against the newly elected Village president and clerk. However, the newly elected Village president and clerk are not parties to this suit. Even if the bringing of a lawsuit were itself somehow the basis of a cause of action, the proper aggrieved parties would be the newly elected Village president and clerk, not the present Defendants. Leave to amend the complaint to include this allegation regarding the bringing of a lawsuit against the newly elected president and clerk is denied and Defendants' motion to strike is granted.

<u>Liability of Tom Walsh</u>

Our previous opinion noted that Plaintiffs did not have standing to bring a claim against Tom Walsh in Count IV because Plaintiffs failed to allege that Tom Walsh caused them any injury-

14

in-fact. Plaintiffs' Second Amended Complaint corrects this deficiency. Plaintiffs allege that Tom Walsh, as director or manager of Riverwalk, threatened and intimidated the Plaintiff property owners, disseminated false information, misrepresented the status of development plans, participated in illegal meetings, and participated in an illegal scheme to acquire property within the TIF district using Village monies. This behavior was allegedly motiviated by a conspiracy with Village officials to fulfill an illegal development agreement with the Village. Sec. Am. Compl., Count IV, ¶48. These allegations sufficiently suggest that Tom Walsh's behavior caused the Plaintiffs the required injury-in-fact. Furthermore, Plaintiffs allege that Walsh "act[ed] in conspiracy with and as agent of the municipal Defendant." *Id.* This bare allegation alone is sufficient to suggest that Walsh's behavior was "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Leave to amend the complaint to include the allegations against Tom Walsh in Count IV is granted and Defendants' motion to strike is denied.

Violation of Plaintiffs' Civil Rights Through Conspiracy

We previously dismissed Plaintiffs' conspiracy count because the underlying federal claims on which the conspiracy were supposedly based had already been dismissed. Now, however, some of those underlying claims remain. Thus, the conspiracy count can no longer be ignored on that basis. Leave to amend the complaint to include Count V is granted and Defendants' motion to strike is denied.

Supplemental State Law Claims

In our prior opinion we declined to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(2). For the purpose of Plaintiffs' motion for leave to amend the complaint, however, we will exercise supplemental jurisdiction over those claims. Leave is therefore granted for Plaintiffs to amend their complaint to include Counts VI-

15

VIII. Our decision here to exercise jurisdiction could change based upon the outcome of Defendants' motion to dismiss, if any.

## CONCLUSION

Leave to amend Plaintiffs' Second Amended Complaint is partially granted. Leave to amend the complaint to include the following, however, is denied: (1) the entire substantive due process count (Count II); (2) any allegation of the individual liability of elected officials for the passage of legislation (e.g. Sec. Am. Compl., Count IV, ¶49); (3) any allegation that legislative function was improperly executed (e.g. Sec. Am. Compl., Count IV, ¶50, 54); and (4) any allegation regarding the bringing of lawsuits by certain Defendants against certain Plaintiffs and other parties (e.g. Sec. Am. Compl., Count IV, ¶52,53). Leave is granted to amend the complaint in all other respects. Plaintiffs are advised that they need not file an edited complaint with the court that reflects these changes. All parties and the court will treat the complaint as if the above strikes have been implemented.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 2/19/02